IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAWRENCE SCOTT, an individual, | ) ) ) |
| Plaintiff, | ) Case No.: 4:22-cv-2370 ) ) |
| v. | ) ) |
| ROADE PROPERTIES, LTD., a Texas Limited Partnership, | ) ) ) ) |
| and | ) ) |
| PYRAMID HOLDINGS LLC, a Georgia Limited Liability Company, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiff, LAWRENCE SCOTT, through his undersigned counsel, hereby files this Complaint and sues ROADE PROPERTIES, LTD., a Texas Limited Partnership and PYRAMID HOLDINGS LLC, a Georgia Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendants' Property, which is the subject of this action, is located in Harris County, Texas.

3. Plaintiff, LAWRENCE SCOTT (hereinafter referred to as "MR. SCOTT" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4. MR. SCOTT is a qualified individual with a disability under the ADA. In 2002, MR. SCOTT suffered a severe injury to his neck resulting in trauma to his C5 and C7 vertebrae. MR. SCOTT is paralyzed from the waist down.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Defendant, ROADE PROPERTIES, LTD., a Texas Limited Partnership, (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," generally located at 1220 Farm to Market 1960 Rd W., Houston, TX 77090. Specifically, the portion of the Property owned by ROADE PROPERTIES, LTD., is referenced in Harris County Appraisal District property records as Parcel 0822570000001.

7. Defendant, PYRAMID HOLDINGS LLC, a Georgia Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is an owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," generally located at 1206 FM 1960, Houston, TX 77090. Specifically, the portion of the Property owned by PYRAMID HOLDINGS LLC is referenced in Harris County Appraisal District property records as Parcel 0822570000002.

8. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

10. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

11. Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12. During his visits, Plaintiff experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

13. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendants. Additionally, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

   A. Plaintiff personally encountered inaccessible parking designated for disabled

        use throughout the Property due to missing signage. This condition made it difficult for Plaintiff to identify the designated disabled parking areas from his vehicle.

B.    Plaintiff personally encountered inaccessible parking in the disabled use parking spaces servicing Amtex Insurance due to a ramp improperly protruding into the parking spaces and their designated access aisles, causing excessive slopes. These conditions made it difficult for Plaintiff to transfer safely from his vehicle into his wheelchair.

C.    Plaintiff personally encountered inaccessible ramps throughout the Property due to excessive slopes, excessively sloped side flares, narrowness and pavement in disrepair. These conditions made it difficult and unsafe for Plaintiff to maneuver over the ramp, as well as increased his risk of fall.

D.    Plaintiff personally encountered inaccessible parking designated for disabled use in front of La Michoacana Meat Market due to a lack of any access aisles. This condition made it difficult and unsafe for Plaintiff to exit his vehicle and transfer into his wheelchair.

E.    Plaintiff personally encountered an inaccessible restroom at the Property. Specifically, the restroom in the La Michoacana Meat Market has an improperly located toilet flush valve, lack of pipe insulation under the sink and soap and paper towel dispensers that are too high. These conditions made it dangerous and difficult for Plaintiff to use the facilities;

F.    Plaintiff personally encountered inaccessible seating at the Property.

        Specifically, all of the indoor café seating at the La Michoacana Meat Market consists of benches that are bolted and/or permanently affixed to the floor. This condition prevented Plaintiff from utilizing the indoor café seating in his wheelchair.

    G.    Plaintiff encountered inaccessible service counters at the La Michoacana Meat Market due to them being situated at excessive heights without a lowered portion for wheelchair use.

15. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and

expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

That the Court award such other and further relief as it deems necessary, just and proper.

By:    */s/ Brian T. Ku*
      Brian T. Ku
      Attorney-in-charge
      S.D. TX No. 3424380
      Ku & Mussman, P.A.
      18501 Pines Boulevard, Suite 209-A
      Pembroke Pines, FL 33029
      Tel: (305) 891-1322

Fax: (954) 686-3976
Brian@kumussman.com

and

John K. Grubb
Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
2520 Robinhood St., # 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*